UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MICHAEL NOWACKI,
    *Plaintiff*,

    v.

TOWN OF NEW CANAAN *et al.*,
    *Defendants*.

No. 3:16-cv-00407 (JAM)

**ORDER DENYING CERTAIN PENDING MOTIONS (Docs. #128, #129 & #130)**

Plaintiff has filed a 73-page, second amended civil rights complaint seeking money damages against the State of Connecticut, the Town of New Canaan, and many individual defendants who are or were employees of the Town of New Canaan. *See* Doc. #94. Plaintiff alleges in essence that defendants should be liable as a result of his prior wrongful arrest and prosecution.

The Town of New Canaan and the individual defendants have filed a motion to dismiss (Doc. #106), which has been fully briefed and argued (Doc. #116) and is now pending a decision by written ruling of the Court. The State of Connecticut has filed a motion to dismiss on the grounds of improper service of process and the State's Eleventh Amendment immunity from a federal lawsuit for money damages. *See* Doc. #119. The Court has granted plaintiff an extension of time to file his response to the State's motion, and his response is now due on December 21, 2016.

In the meantime, plaintiff has filed three new motions (Docs. #128, #129 & #130). Although the State has not filed a response to these motions, it is obvious to the Court that these motions have no merit and should be denied. Although the Court could await the State's response to each of these motions, the Court is concerned that plaintiff has strategically filed these motions as delay tactics and to seek to impose litigation burdens on the State in the face of

1

the State's argument that it is not properly subject at all to a federal court lawsuit for money damages of the kind plaintiff has filed here.

Two of plaintiff's motions are related to one another: a motion for leave to file a third amended complaint (Doc. #128) and a motion for bifurcation of his claims against the State of Connecticut (Doc. #130). Plaintiff has not established good cause or reason why he should be permitted to amend his complaint again (having already been given leave twice before to file amended complaints). It was plaintiff's choice from the start of this litigation to name the State of Connecticut as a defendant along with the other many defendants, and plaintiff has shown no logical reason now why his claims against the State should proceed by means of a separate, "bifurcated" action (and to do so despite the fact that they arise from the same interlocking facts as his claims against the remaining defendants).

Plaintiff argues that an amended and bifurcated complaint is somehow necessary or appropriate in light of the State's failure to cooperate in the filing of a Rule 26(f) report and in light of plaintiff's belief that a bifurcated complaint will "assist" the parties in some unspecified way "to present their respective legal arguments to the Claims Commissioner." Doc. #128 at 2. These arguments make no sense. A defendant's failure to cooperate in the filing of a Rule 26(f) report does not mean that a defendant should be subject to severance and the filing of an amended complaint. Nor is there any rational reason to believe that any Claims Commissioner needs this Court to grant the filing of an amended or bifurcated complaint in order to understand or decide plaintiff's claims.

More significantly still, the relief requested by plaintiff (to file a newly minted complaint against the State) does not address the issues raised in the State's motion to dismiss that challenges plaintiff's right—in the absence of a waiver of sovereign immunity—to maintain *any* kind of federal lawsuit for money damages against the State, regardless whether by means of a consolidated or bifurcated complaint. It is this potentially dispositive issue that plaintiff should

2

focus his attention on addressing at this time rather than filing additional collateral motions for relief.

Plaintiff has also filed a motion to compel the State of Connecticut to cooperate in the filing of a Rule 26(f) report (Doc. #129). In light of the fact that the State of Connecticut has filed a motion to dismiss that raises substantial arguments for dismissal, the Court concludes in its discretion that the State of Connecticut shall not be required to cooperate in the filing of a Rule 26(f) report or to produce discovery or to otherwise be burdened by litigation of plaintiff's claims until such time as the Court rules on—and only if it denies—the State's motion to dismiss. On the other hand, if the Court concludes that the State's motion to dismiss should be denied, then the State shall be fully subject to the burdens of litigation, and plaintiff may then seek leave to file an amended complaint (if warranted) and to seek any appropriate relief in the event that the State does not cooperate with respect to the filing of any reports or compliance with discovery.

For the foregoing reasons, plaintiff's pending motions (Docs. #128, #129 & #130) are DENIED. Plaintiff shall file his response to the State's motion to dismiss by December 21, 2016.

It is so ordered.

Dated at New Haven this 4th day of December 2016.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge

3