UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MICHAEL NOWACKI,
    *Plaintiff*,

v.

TOWN OF NEW CANAAN *et al.*,
    *Defendants*.

No. 3:16-cv-00407 (JAM)

### ORDER DENYING MOTION FOR RECONSIDERATION

Plaintiff has moved for reconsideration (Doc. #145) of the Court's order denying plaintiff's motion for a status conference (Doc. #142). It is within the Court's discretion whether to grant a motion for a status conference. *See, e.g.*, *United States v. Michigan*, 422 F. Supp. 2d 808 (E.D. Mich. 2006). The Court has considered all of plaintiff's arguments and remains unpersuaded that any of his reasons for convening a status conference at this time are valid.

Plaintiff insists that he has the right to a status conference so that the Court will issue him "an explanation concerning the Court's failure to issue a 'timely' articulated 'initial review order'" as to the motion to dismiss filed by the Town of New Canaan. Doc. #142 at 1; *see also* Doc. #145 at 4 (complaining that "it is 'manifestly unjust' to not define in a status conference the Court's intent to issue a decision prior to the plaintiff's filing a response to the Motion to Dismiss filed by the State of Connecticut"). But a court is not required to convene a status conference to advise when it will issue a ruling or to explain why it has not yet done so. Nor is a court required to submit—as plaintiff would like—to a question-and-answer session to furnish "explanations" about the Court's prior rulings.

Plaintiff insists that the Court must issue an "initial review order" in connection with the pending motion to dismiss filed by the Town of New Canaan. Although the Court from time to

1

time issues so-called "initial review orders," it does so in cases involving prisoners who have filed civil actions *in forma pauperis*, and it issues these orders because it is expressly required by statute to do so. *See* 28 U.S.C. 1915A. Plaintiff is not a prisoner, and his lawsuit does not come within the scope of the initial-review-order statute. Therefore, his argument that he is entitled to some form of "initial review order" is frivolous. The Court will otherwise issue in due course a ruling on the Town of New Canaan's motion to dismiss, but plaintiff is not entitled to a ruling on the Town's motion to dismiss prior to filing his response to the State's motion to dismiss.

Plaintiff otherwise renews his complaint that the Court has not permitted discovery to proceed. *See* Doc. #142 at 6 (demanding that the Court "explain to the plaintiff at a status conference, why depositions for his children . . . are being unfairly delayed by the Court due to the failure of the Court to issue an 'initial review order' for the Town of New Canaan and the Town of New Canaan defendants"). But, as the Court has already twice made clear in written orders (and also in person at a prior hearing), the Court does not intend to permit discovery to proceed prior to its ruling upon the pending motions to dismiss. *See* Doc. #93 (docket order stating in part that "the stay of discovery shall remain in effect pending the Court's resolution of any motion to dismiss"); Doc. #131 at 3 (order stating that "the Court concludes in its discretion that the State of Connecticut shall not be required to cooperate in the filing of a Rule 26(f) report or to produce discovery or to otherwise be burdened by litigation of plaintiff's claims until such time as the Court rules on—and only if it denies—the State's motion to dismiss"); *see also Country Club of Fairfield, Inc. v. New Hampshire Ins. Co.*, 2014 WL 3895923, at *3 (D. Conn. 2014) (discussing court's "considerable discretion" upon a showing of good cause to stay discovery pending resolution of a motion to dismiss and noting that "a discovery stay may be appropriate pending resolution of a potentially dispositive motion where the motion articulates

time issues so-called "initial review orders," it does so in cases involving prisoners who have filed civil actions *in forma pauperis*, and it issues these orders because it is expressly required by statute to do so. *See* 28 U.S.C. 1915A. Plaintiff is not a prisoner, and his lawsuit does not come within the scope of the initial-review-order statute. Therefore, his argument that he is entitled to some form of "initial review order" is frivolous. The Court will otherwise issue in due course a ruling on the Town of New Canaan's motion to dismiss, but plaintiff is not entitled to a ruling on the Town's motion to dismiss prior to filing his response to the State's motion to dismiss.

Plaintiff otherwise renews his complaint that the Court has not permitted discovery to proceed. *See* Doc. #142 at 6 (demanding that the Court "explain to the plaintiff at a status conference, why depositions for his children . . . are being unfairly delayed by the Court due to the failure of the Court to issue an 'initial review order' for the Town of New Canaan and the Town of New Canaan defendants"). But, as the Court has already twice made clear in written orders (and also in person at a prior hearing), the Court does not intend to permit discovery to proceed prior to its ruling upon the pending motions to dismiss. *See* Doc. #93 (docket order stating in part that "the stay of discovery shall remain in effect pending the Court's resolution of any motion to dismiss"); Doc. #131 at 3 (order stating that "the Court concludes in its discretion that the State of Connecticut shall not be required to cooperate in the filing of a Rule 26(f) report or to produce discovery or to otherwise be burdened by litigation of plaintiff's claims until such time as the Court rules on—and only if it denies—the State's motion to dismiss"); *see also Country Club of Fairfield, Inc. v. New Hampshire Ins. Co.*, 2014 WL 3895923, at *3 (D. Conn. 2014) (discussing court's "considerable discretion" upon a showing of good cause to stay discovery pending resolution of a motion to dismiss and noting that "a discovery stay may be appropriate pending resolution of a potentially dispositive motion where the motion articulates

substantial grounds for dismissal"). The fact that plaintiff is not pleased with the Court's decision to stay discovery does not warrant or require the Court to convene a status conference for the Court to explain to plaintiff again its reasons for declining to permit discovery to proceed at this time.

Lastly, plaintiff complains that his due process rights have been violated by the Court's acting upon his motion for a status conference prior to his filing of a reply to defendants' objection to his motion. This argument overlooks that the Court's local rules do not require the filing of a reply brief. *See* D. Conn. L. Civ. R. 7(d). Moreover, plaintiff does not cite or identify any authority for the proposition that the Due Process Clause requires the Court to permit a party to file a reply brief before it acts upon a party's motion for a status conference. Here, the Court denied plaintiff's motion for a status conference because it was evident—without the need for a reply brief—that the motion was vexatious and frivolous.

Plaintiff's motion for reconsideration (Doc. #145) is DENIED. The Court has previously granted plaintiff two extensions of time to file a response to the State's motion to dismiss. *See* Docs. #126, #140. Rather than filing more collateral motions, plaintiff should focus his efforts on timely preparing and filing a response to the State's motion to dismiss by January 20, 2017.

It is so ordered.

Dated at New Haven this 5th day of January 2017.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge